PITE DUNCAN, LLP
DAVID B. ROSEN (Attorney ID No. 7152)
810 Richards Street, Suite 880
Honolulu, HI 96813
Ph.: (808) 523-9393
Fax: (808) 523-9595
E-mail: RosenLaw@hawaii.rr.com

PITE DUNCAN, LLP
DAVID E. MCALLISTER (Attorney ID No. 7660)
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail: dmcallister@piteduncan.com

Attorneys for  HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE
SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2004-HE3
ASSET BACKED PASS-THROUGH CERTIFICATES

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>DEAN JIRO KANDA,<br><br><br><br><br><br>Debtor(s). | Case No. 11-01833-RJF<br>(Chapter 7)<br><br>Date: September 14, 2011<br>Time: 9:30 a.m.<br>Judge:  Honorable Robert J. Faris |

**MEMORANDUM IN SUPPORT OF MOTION
FOR RELIEF FROM AUTOMATIC STAY**

HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity

Loan Trust Series 2004-HE3 Asset Backed Pass-Through Certificates[1] ("Movant"), moves this court

for an order terminating the automatic stay of 11 United States Code section 362 as to Movant, so

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's

that Movant may commence and continue all acts necessary to enforce its security interest in real property generally described as 1860 Ala Moana Boulevard, Apt 508, Honolulu, Hawaii 96815 (the "Property").

On or about June 30, 2011, Dean Jiro Kanda ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and Dane S. Field was appointed as Chapter 7 Trustee. As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 United States Code section 362.

Movant moves this court for relief from stay under 11 United States Code sections 362(d)(1) and 362(d)(2).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE SECTION 362(d)(2).

### NO EQUITY

11 United States Code section 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

In In re San Clemente Estates (S.D. Cal. 1980) 5 B.R. 605, the court stated that:

> § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under § 362(d)(1). (Emphasis added).

(In re San Clemente Estates, supra, at 610.)

In In re Mikole Developers, Inc. (1981) 14 B.R. 524, 525, the court stated that in determining whether equity exists in the property for purposes of section 362(d)(2), all encumbrances are totalled, whether or not all the lienholders have joined in the request for relief from stay. The Ninth Circuit has concurred with this view in Stewart v. Gurley (9th Cir. 1984) 745 F.2d 1194.

---

participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

- 2 -

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. (La Jolla Deed of Trust Fund v. Rancho El Cajon Associates (Bankr. S.D. Ca. 1982) 18 B.R. 283, 289.)

On or about July 26, 2004, Debtor made, executed and delivered to People's Choice Home Loan, Inc. ("Lender") a Note in the principal sum of $441,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing September 1, 2004, and continuing until August 1, 2034, when all outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable.

On or about July 26, 2004, the Debtor and Helen Akiko Kanda (Collectively the "Borrowers") made, executed a Mortgage (the "Mortgage") granting Lender a security interest in the Property, which is more fully described in the Mortgage. The Mortgage provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Mortgage was recorded on August 2, 2004, in the State of Hawaii Bureau of Conveyances.

Subsequently, Lender's beneficial interest in the Mortgage was assigned and transferred to Movant.

On or about December 11, 2010, Movant and Debtor entered into a Loan Modification Agreement whereby the outstanding principal balance under the Note was modified to $444,017.32 and the interest rate was reduced to 5.00%.

The obligation under the Note is in default as of May 1, 2011, for failure to make payments to Movant. As of August 9, 2011, the estimated payoff owing under the Note is the approximate sum of $450,053.17. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel. Moreover, the total arrears under the Note are in the approximate sum

of $11,134.08, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion.

## II.

## RELIEF FROM STAY

## LACK OF EQUITY

Movant is informed and believes that, based on the Debtor's bankruptcy Schedules and Statements, the fair market value of the Property is approximately $485,000.00. True and correct copies of the Debtor's bankruptcy Schedules "A" and "D" are collectively attached hereto as Exhibit A and incorporated herein by reference.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $485,000.00 |
| Less: | |
|   Movant's Mortgage | $450,053.17 |
|   Bank of Hawaii's 2nd Mortgage | $48,172.00 |
|   Costs of Sale (8%) | $38,800.00 |
| Equity in the Property: | $<52,025.17> |

As a result, there is no equity in the Property for the bankruptcy estate. Moreover, since this is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code section 362(d)(2).

Debtor's Statement of Intent indicates it is the intent of the Debtor to surrender the Real Property in full satisfaction of Movant's secured claim. A copy of the Debtor's Statement of Intent is attached is attached hereto as Exhibit B and incorporated herein by reference.

## III.

## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE SECTION 362(d)(1).

## CAUSE - LACK OF ADEQUATE PROTECTION

Pursuant to the provisions of 11 United States Code sections 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

- 4 -

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code section 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1.  Terminating the automatic stay of 11 United States Code section 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Mortgage;

2.  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3.  Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Mortgage, including any action necessary to obtain possession of the Property;

4.  Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

5.  Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Mortgage and all other mortgages encumbering the Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Property, including all attorneys' fees and costs incurred in the filing of this motion;

6.  That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law;

and

7. For such other and further relief as the court deems just and proper.

Dated: August 18, 2011					PITE DUNCAN, LLP


/s/ DAVID E. MCALLISTER
Attorneys for HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2004-HE3 ASSET BACKED PASS-THROUGH CERTIFICATES

DAVID B. ROSEN
Attorney for HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2004-HE3 ASSET BACKED PASS-THROUGH CERTIFICATES

U.S. Bankruptcy Court - Hawaii   #11-01833   Dkt # 14   Filed  08/18/11   Page 6 of 6